Mr. Rossi, good morning. Good morning, your honors. I am Michael Rossi. I'm here on behalf of the appellants, the Donnelly-Bellinger Irrevocable Trust, and Michael J. Michaels, the trustee. Mr. Michaels is in the courtroom today. With the court's permission, I'd like to observe five minutes for rebuttal. You may. Thank you. This case, your honors, is on appeal from the district court's rulings on cross-motion for summary judgment. We're requesting that this court do three things. One, reverse the summary judgment in favor of Mr. De Prins. Second, rule that Mr. De Prins may not reach and apply the assets of the Bellinger Trust. And three, remand this case to the district court for entry of final judgment in favor of the defendants. And there's two bases for our position and our argument today, both of which I plan to address. The first is that the claims brought by Mr. De Prins against the Bellinger Trust are borrowed by the one-year applicable statute of limitations that is the only Massachusetts statute of limitations that governs claims brought by the creditors of the trust. How do you answer Cavalli? I'm sorry, your honor? How do you answer the Cavalli case? The Calhoun case, your honor? I have my notes. It's Cavalli v. De Ieso. It talks about a 20-year statute of limitations. Yes, your honor. It's a statute, Massachusetts statute, number I'm sure you know. Yes, your honor. So that 20-year statute of limitations has been cited in a number of cases, including the one your honor references, as well as the Foster and Evans case, which is the basis of the district court's decision here. That statute, if one reads the plain language of it, and it's only a sentence long, is not in fact a statute of limitations. All it does is create a rebuttable presumption that judgments will be satisfied in 20 years. Okay, so let's assume hypothetically that that's correct. We're just a federal court. The Massachusetts courts have characterized it differently. If they've made a mistake, why isn't it up to them to correct it? Well, I think the question here, Judge Lynch, is whether the district court judge here, Judge Shulman, correctly applied that statute. So setting aside... He was guided by a decision of the state courts? But I think the facts of this case go beyond the facts of the cases that he cited. He would be within his province to apply those facts independently to the statute. I'm not on your argument that a basic reading of the statute tells you that that characterization is wrong. Well, I have some sympathy for that. That's probably right, but that isn't the way the state court system dealt with it. I think what the district court judge was asked to do here, in which we're asking this court to re-evaluate, was essentially compare between two statutes and decide which one was applicable here. One side suggested that it was Chapter 260, Section 20, which is the statute... Okay, even if it's a one-year statute. They brought this action in Arizona and then it got transferred here pursuant to a settlement agreement with the trustee. So why isn't the one-year satisfied? I think the timeline is important, Your Honor. The trust we know was formed in 2008. Mr. Duprin's parents were tragically killed in March of 2009. In 2010, Mr. Duprin's brought a wrongful death action against Mr. Belanger. Shortly thereafter, within days, Mr. Belanger, as we know, committed suicide. This action, that is before this court, was not brought until November of 2014, long after the wrongful death action was brought and long after Mr. Duprin's... So what, the wrongful death action was plainly timely? Or are you saying your client wears two different hats and he only signed in wearing one of those hats? That's exactly what we're saying, Your Honor. And if it's the consent judgment that Your Honor is referencing, I think that is exactly the point. The consent judgment that was entered into in the wrongful death action was entered into by Mr. Michaels as the personal representative of the estate. The trust was not a part of that action. And I think it's clear from the language of it that the purpose of it was to exclude other parties from which Mr. Duprin's could look to satisfy the judgment. So it excludes the estate, it excludes the personal representative. And yes, it does reference the trust, but it's not an opinion as to whether that action would be valid. It's not a waiver of the trust's right to defend that action, nor is it any admission that the action would be tolerated under other laws. So suppose your client had signed in both capacities as personal representative and as trustee? I think that might be a better argument for Mr. Duprin's, but I do not think it would be dispositive for the reasons that I mentioned, Judge Luttrell. Okay, so if one moves beyond the statute of limitations, just assume that the action was timely filed. It seems to me you're making a series of arguments based on the nature of irrevocable trusts, spendthrift trusts, under Massachusetts law. Could you get to those? I'd be happy to do that, Your Honor. So the starting point is the Ware v. Luttrell, the court held, and all parties would agree here, that the creditor of a settler of a self-settled trust, which is what we have here, there's no dispute, may reach the maximum amount that can be distributed to the settler or for his benefit. So the court said then, and has said repeatedly since, that if a trust is self-settled, which means that the donor of the trust is the same as the beneficiary, that's not sufficient to protect the trust assets from creditors. And the creditors of such a trust may access the assets of that trust up to what could be distributed to the settler or for his benefit. The purpose of this rule, again, which is well established, is that it would be against public policy to allow somebody, a settler of a trust, to tie up their own assets in a trust in a way that they could still enjoy those assets, but that their creditors would not be able to reach them. And this makes sense. I think we agree, the parties here do, that during Mr. DePrinz's lifetime, excuse me, during Mr. Belanger's lifetime, if Mr. Belanger was still alive, there would really be no dispute here, and Mr. DePrinz would be able to access the assets of this self-settled trust to satisfy his claims. The difference here, and the key point in this case, is that Mr. Belanger is deceased, and the law treats this situation differently when the donor is deceased. The district court here failed to consider the implications of Belanger's death, didn't mention it at all. When Mr. Belanger died, any opportunity he had to enjoy the trust property died with him. But what do you do about, in this whole, what do you do about Calhoun v. Rollins? Because I understand that that's the only Massachusetts case in which we have a self-settled irrevocable trust and the person who established the trust died, and they let that be reached. They did, Your Honor, and that is a case obviously that we would have preferred been decided the other way, but I think there's a couple of important points that distinguish it, or at least that would be important for the court to keep in mind. One is the decision of the appeals court, and we think there's decisions from the Supreme Judicial Court as well as Massachusetts statutes that are more directly on point here. But secondly, that case did not at all consider the court nor the parties, the implications of the donor's The court did in that case cite to Mass. Chunker Law, Chapter 260, I'm sorry, Chapter 203, Section 505, and that's an important piece of law that the court here in our view ought to consider in deciding this case. In that statute, on which the court in Calhoun relied, we would submit makes clear that in the case where the donor of an irrevocable trust dies, the creditor may not access the assets of the trust. I'd like to go back for a second on your whole argument that the Massachusetts statute of limitation applies. This is a transferred case, so the statute of limitation of the transfer of a court applies, does it not? I think the parties both here concede that with respect to claims against a trust, Massachusetts law applies. The statute of limitations. Well, the statute, the issue here, the cause of action that we're discussing is a cause of action brought against the trust. It's a reach and apply action brought against a Massachusetts trust, which states that Massachusetts law will govern its trust. Well, that's, usually we read those as substantive laws and distinguish that the general rule, I thought, is to transfer a court. In other words, parties can agree to transfer a case, but they don't change the law that's governing the case that otherwise would apply in the transfer order. Arizona does have a non-claim statute. That statute is two years. So if the court were to apply the Arizona non-claim statute, the same arguments would apply and the case would be time barred. Do you have any views on whether this case should be certified to the Massachusetts judicial court? Yes, Judge Schreyer. That's something that we have considered. We think the law is sufficiently settled to allow this court to consider the issues and issue a decision. However, if it would be the court's preference that we present these issues to the Supreme Judicial Court, we're happy to do that. Thank you. I think your time may be up. No, maybe not. You have 18 seconds. So, in closing, we think there are two bases here, either of which would allow this court to vacate the district court's decision. Number one, the statute of limitations bars Mr. Duprin's claim here. It's clearly a one-year statute. It's the only Massachusetts statute that governs claims against trust. And beyond that, Massachusetts law, specifically Section 505 and Chapter 203, makes clear that a creditor of an irrevocable trustee or a settler of an irrevocable trust may not access the assets of that trust after the death of a settler. Thank you. Thank you. Mr. Dickinson. Good morning. May it please the Court, I'm Mark Dickinson for the appellee, Harold Duprin. Your Honors, I think this case is exceedingly simple for you. Mr. Duprin's, as the record is clear, was aggrieved by the loss of his parents. That killing occurred in Arizona. There was some litigation in Arizona about whether the probate should occur there or not. That's found in the joint appendix at 79. Arizona Superior Court determined that it should be after considering all the factors. And Mr. Michaelis then submitted to the jurisdiction of Arizona and went through the probate process, which was he issued a notice to all the creditors, including Mr. Duprin's, to submit their claims. Mr. Duprin's complied with Arizona law and timely submitted a claim. Their non-claim statute says there's a two-year window to Interestingly, the trust that's the subject of this action was unknown to Mr. Duprin's, an Arizona resident who had no litigation powers to subpoena this trust or to find out anything. So this trust that contains the assets that we're now seeking to reach and apply, and the Court agreed we could, was just completely unknown to Mr. Duprin's at the Where are you going with this? The bottom line is, Your Honor, that the Massachusetts non-claim statute that my brother seeks to enforce there Let's put statute of limitations aside for a moment. Sure. This is a bill to reach and apply assets in a Massachusetts Spendthrift Trust. Correct. Doesn't Massachusetts law apply to that question? Yes, it does, Your Honor. All right. So now we have a suggestion that while your opponent says the law is perfectly clear and it goes against you, you say probably the law is perfectly clear and it goes in our favor. Right. But I don't think it's so perfectly clear. So let's go back to the question of certification to the Supreme Judicial Court. Right. I mean, if Your Honors thought you needed the guidance, we would welcome it. I think Massachusetts law is sufficiently clear on this point. I would point to this case, in my view, is a slam dunk in view of the Calhoun v. Rawlings case. The Massachusetts Appellate Court had almost the identical factual scenario. And the underlying tort killed both the plaintiffs and the defendant, the decedent, who had a trust for his benefit. The problem with that is the facts are on all fours, but nobody argued that the death made any difference to determining what could be dispensed by the trustee. You're right, Your Honor. There's no discussion about the impact of the death. But I think it's quite clear that the... Well, sir, we don't have a specific holding addressing the precise issue here. And then we have two statutes, or two parts of the same statute, that each raise a pretty strong negative inference against you. I disagree with that, Your Honor. The statute that you're talking about, the trust statute, is clear that this is an irrevocable trust. And so the section pertaining to irrevocable trust is what pertains. But when the state passes a statute that seems to set up the rules for getting a trust, and it authorizes a creditor that may reach all property of a trust revocable at the settler's death, normal rules of construction would have us give not just cross the word revocable out of that statute. And that's what you want us to do. I don't think I'm asking you to do that. I think the only reason that subsection is there is because a revocable trust is the one that needs to be mentioned in terms of what happens to it once the settler dies. Because it was revocable up until his death. From the irrevocable trust is not, by its nature, it's already irrevocable. And so then the court, the code has set the rules there. And I think Rawlings does quite clearly, the subsection of that code, and correctly does so, in pointing out that in the situation where you have a settler-based trust, where all the funds were provided by the settler and he could have the benefit of this trust throughout his lifetime, that they are reachable by his creditors even after death. Suppose he had just given all his assets to his child. If he had done that, I think that would be complete... You'd have to bring a fraudulent transfer type claim. You would have to bring a different claim. That's correct. And so why shouldn't any irrevocable trust that at death be treated just the same? Because the public policy doesn't allow it to be. That's exactly the public policy analysis that the Rawlings court went through, Calum B. Rawlings. It's a settled principle. In most jurisdictions now that a settler, when he sets up a trust like this and leaves the terms of the trust that he can, from the discretion of his trustee, benefit from that trust, public policy doesn't allow him to then benefit for his lifetime and then magically not have those funds available to satisfy his credit. But then you've got another statute, A2, that says the maximum amount that can be is the measure of how much you can reach and apply. And at death that becomes zero. That would be what it says on its face. But again, the Rawlings court was interpreting that statute. They had that code in front of them. They cited to it. And yet they found on their, in the case, not explicitly as perhaps we would like, but they found that the trust was reachable to satisfy the underlying tort plaintiffs in that case. I don't think you need any look any further than the Calum B. Rawlings case. And I don't believe you required or it's necessary in this case to take this question to the Mass Supreme Judicial Court. Well, in the event we decide, we obviously haven't decided whether we're going to do that. Right. But it might help speed up things and make up our minds about it. Would both sides submit a letter within 10 days? Yes, Your Honor. Suggesting the questions that we would ask? We'll be happy to do that, Your Honor. Just one thing. I think the SJC rule says it's got to be a dispositive question. There's sort of two questions in the case. One is the limitations period and the other of which is the interpretation of Calhoun and Rawlings as to irrevocable trust. Just give some thought as to whether we can ask two questions or we're restricted to just one.  We will do that, Your Honor. So without any further questions, I'll rest on our briefs. But just to say that I think this is quite a common-sense result that you can achieve here, which is that Harry the Prince, sitting in Arizona, was complied with the claims process, timely filed a wrongful death action, and is now appropriately seeking to avail himself of the funds that his parents' killer tried to keep away from predators. Thank you. Just a few brief points, Your Honor. First, the suggestion that the trust was unknown to Mr. de Prince for a certain amount of time is not one that we accept or agree with. There's evidence in the record that the trust became known to Mr. de Prince and his attorneys as early as 2010. He did not bring this action directly against the trust until 2014 and did not amend the complaint to assert a reach-and-apply claim until 2016. So there's a period of about four years intervening there in which Mr. de Prince took no action to reach and apply or obtain the assets of the trust, despite knowing of the trust's existence. He elected instead to pursue a wrongful death action. I would note that in the Calhoun case, the plaintiff there brought a claim against the trust in addition to the estate. And that is something, certainly, that Mr. de Prince could have done here. He did not by his own decision, and he is now, in our view, barred from doing so by the one-year statute of limitations. Secondly, there are other cases that address this factual scenario, in our view, besides Calhoun. There's the Reeser case, State Street Bank v. Reeser, which does have some differences, but the importance there is that the court, the appeals court, focused intensely on the issue of control in deciding whether the creditor of a deceased may access the assets of a trust, a self-settled trust. There's some disagreement in the briefs as to whether the trust in that case is self-settled. The appellee concludes that it is not. We disagree with that. We think the decision is at least strongly suggestive of the point that the beneficiary in that case was also the settler of the trust. In the Markham v. Fay case, this court came to the same conclusion. So the importance of that case is that the court in Reeser, and other cases that have cited it, looked intensely at whether or not the donor of the trust, the settler of the trust, maintained control of the trust assets after the formation of the trust in determining whether creditors could access the assets. In the Reeser case, the trust, he did. He retained for himself the ability to amend the trust, to change the beneficiaries, to change the trustees, and so forth. It's important to note here that Mr. Belanger did none of those things. He had no control over this trust once it was formed. It was fully irrevocable. He did not retain the power to amend. He could not change the beneficiaries. He could not revoke the trust. In those cases, courts have held that the creditors of such a trust, On the statute of limitations, the only Arizona one you point to is 14-3803-A1, which provides that all claims against the decedent's estate that arose before the death have a two-year statute. Do you rely on any other statute other than that one? No, it's our position, Joe Scarra, that the Massachusetts statute applies, and we're aware of no other Arizona statutes that would apply. And do you contend that this is an action against the decedent's estate? No. If we're looking at the distinction that's been brought up in a number of cases, including the Department of Public Welfare v. Anderson case, which is the distinction between claims brought by a creditor of the deceased and claims brought by creditors of the estate, it's our view here that this is a claim that's brought by a creditor of the deceased because the action, the obligation... So that Arizona, just another way of saying that Arizona statute doesn't apply. That's right, Your Honor. That's our position. So if Arizona law does apply in the statute of limitations, you're out of luck because the only one that's been cited to us doesn't apply. Well, I think, Your Honor, the terms that are used in both of the statutes are addressing the same issue but they're phrased differently. Here we have the phrase creditors of the deceased is specifically referenced in the statute. That's a term of art that's been interpreted by a number of courts since then, and that has been contrasted with claims brought by creditors of the estate. I don't think that the same distinction is implicit in the Arizona statute. I'm sorry. They don't become creditors until they've got a judgment through the consent decree. Isn't that correct? I would disagree with that, Judge Lynch. I think Mr. DePrince became a creditor when the... Of the trust? Well, certainly of the assets of the trust when the murder occurred, and I think the key fact on that point is that this action was actually brought before the consent judgment. You're confusing me now. If Arizona law applies, then do you agree there's no statute of limitations defense? I don't agree with that, Judge Kagan. What Arizona statute of limitations did you raise below that would provide a defense if Arizona law applies on the statute of limitations? Well, the one opposition from the get-go is that Massachusetts law applies. Answer the question. The two-year non-claim statute would be the only applicable statute. The one I just read that refers to claims against the decedent's estate? Yes. So you're claiming this is a claim against the decedent's estate? No, Your Honor. I think that's the only statute that governs claims brought by decedents against or brought against a decedent, but I don't think it squarely fits here. Well, then that leaves you with no Arizona statute of limitations. And that may well be the case. I think the two-year non-claim statute is the closest that's available. So if we rule that the Arizona statute of limitations applies and that it's satisfied, there's just one question maybe with subparts if we decide to certify that would go to the state high court. If the court determined that the Arizona statute of limitations applied to the claim against the trust, then that's the case. But I would just emphasize again that neither party has... No, no. You've only given us one statute of limitations. Whether it applies or not, you have not given us another statute of limitations that would have expired before the claim was brought against the trust. That's correct, Your Honor. Our view is that the sole Massachusetts statute, Section 3803... Okay, but if we reject that, then you lose on the limitation period. Right, it's our position that that's the applicable statute. It still leaves a lot to be decided, but it maybe simplifies the case a little. And with that, we'll rest our briefs. Thank you, Your Honors. Thank you. We'll take a brief recess at this time.